[Civ. No. 66449. Second Dist., Div. Six. Sept. 23, 1983.]

NORMAN STILES et al., Plaintiffs and Appellants, v.
JAMES WALLIS, Defendant and Respondent.

1144

## COUNSEL

Kleiman & Stenzel and Douglas Stenzel for Plaintiffs and Appellants.

Loy & Wood and Frederick G. Wood for Defendant and Respondent.

## OPINION

**STONE, P. J.**—Appellants Norman Stiles and Evelyn Stiles appeal a superior court order setting aside a default judgment taken against the respondent, James Wallis.

*Facts*

Appellants purchased real estate from Howard and Frances Wilcox. The Wilcoxes were represented in this transaction by the respondent, a real estate agent. The respondent was an employee of Avalon Realtors. The appellants allege that Avalon Realtors, the Wilcoxes and the respondent, each falsely represented that the property being sold would be financed at a 9½ percent per annum fixed rate of interest. After the sales transaction was completed the appellants discovered that they had assumed a variable interest rate note and trust deed. The appellants then proceeded to sue Avalon Realtors, the Wilcoxes and the respondent for fraud, negligent misrepresentation, constructive fraud and breach of contract. All defendants, except the respondent, answered the appellants' complaint.

At this point the precise time frame for events becomes significant. The appellants filed their original complaint June 1, 1979. On July 5, 1979, the respondent mailed a letter to the appellants' attorney purporting to "answer" the complaint. This alleged "answer" was not drafted in the form of a pleading nor filed with the court. The appellants filed a first amended complaint October 5, 1979, and the respondent was served with this amended complaint February 27, 1980. Subsequent to service of the first amended complaint appellants' counsel had several telephone conversations with the respondent in which the attorney requested that an answer be properly filed with the court.

The respondent failed to file an answer or retain legal assistance. Finally, on July 28, 1980, a default was entered. The respondent took no action after learning that a default had been taken against him.

In accordance with California Rules of Court, rule 1600 et seq., the respondent was given notice of the arbitration hearing which was set for May 27, 1981. The respondent attended the hearing and was excluded from active participation. However, he was allowed to observe the proceeding. At the hearing counsel for the appellants offered to set aside the default if the respondent would file an answer. The respondent declined this offer.

On November 6, 1981, the cause came on for hearing on default. The court received the evidence submitted and ordered that the appellants may recover from the respondent $74,079.84 plus legal interest from November 6, 1981, as well as costs of suit. Two months later on January 21, 1982, a judgment debtor hearing was scheduled which the respondent attended. Finally, on March 15, 1982, two months after the judgment debtor hearing and 25 months after service of the first amended complaint, the respondent

moved to set aside the default judgment. The motion was granted. Plaintiffs appeal.

## Analysis

The motion to set aside the default was granted pursuant to the superior court's broad equity jurisdiction. Code of Civil Procedure section 473 could not provide the respondent with relief because his motion to set aside the default was brought more than six months after the default had been entered.

■ There are four grounds which a court, utilizing its equity capacity may rely upon to provide relief from a default. Those areas are (1) void judgment, (2) extrinsic fraud, (3) constructive service, and (4) extrinsic mistake. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 182, p. 3751; § 183, p. 3752; § 169, p. 3740; § 187, p. 3757.) Both the appellants and the respondent concede that the superior court's authority, for setting aside the default if it exists at all, must be predicated upon the grounds of extrinsic mistake.

■ "Extrinsic mistake is found when a party becomes incompetent but no guardian ad litem is appointed; when one party relies on another to defend; when there is reliance on an attorney who becomes incapacitated to act; when a mistake led a court to do what it never intended; when a mistaken belief of one party prevented proper notice of the action; or when the complaining party was disabled at the time the judgment was entered. Relief has also been extended to cases involving negligence of a party's attorney in not properly filing an answer." (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 471-472 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368], citations omitted.)

■ The facts of this case do not coincide with existing precedent for extrinsic mistake. We do not believe that this equitable theory was ever meant to extend relief to defendants who fail to file an answer because they are ignorant of the law. Consequently, we hold that the trial court incorrectly applied the law in setting aside the default.

However, even if we were to find that the respondents' failure to file an answer is based upon the existence of extrinsic mistake, we cannot agree that the respondent has satisfied the criteria for setting aside a default. ■ To set aside a judgment based upon extrinsic mistake one must satisfy three elements. First, the defaulted party must demonstrate that it has a meritorious case. Secondly, the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the

original action. Lastly, the moving party must demonstrate diligence in seeking to set aside the default once it had been discovered.

## Meritorious Case

■ The respondent provided evidence of a meritorious case by filing with his motion to set aside the default a proposed verified answer denying the material allegations of the first amended complaint. It has long been established that merely attaching a verification to a proposed answer is sufficient to demonstrate meritoriousness (*Gudarov* v. *Hadjieff* (1952) 38 Cal.2d 412 [240 P.2d 621]; *Beard* v. *Beard* (1940) 16 Cal.2d 645 [107 P.2d 385].)

## Failure to Present a Defense

■ Although the policy of the law is to favor a hearing on the merits of a case, courts are not required to set aside default judgments for defendants who flagrantly ignore the responsibility to present a defense. The burden of a party who has had a default entered against him is not limited to merely articulating the existence of a meritorious case. The defendant must also demonstrate a satisfactory excuse for not responding to the original action in a timely manner. (*Hammell* v. *Britton* (1941) 19 Cal.2d 72 [119 P.2d 333].)

■ The respondent sets forth two explanations for his failure to defend this action in a timely fashion. First, the respondent asserts that he believed that his employer, Avalon Realty was obligated to provide him with a defense. Secondly, he argues that as an Australian citizen, who was born in England, he was unfamiliar with California judicial proceedings.

Although the respondent may have believed that his employer should provide him with a defense, the respondent failed to present evidence which would cause a reasonable person to sustain such a belief. The respondent did not submit any evidence indicating either that his employer had promised to provide him with representation or that he had ever asked Avalon Realty to provide him with a defense. Given these circumstances, we find it totally unreasonable for the respondent to now assert that he failed to file an answer to this action because he was relying on his employer to act on his behalf.

In the respondent's second explanation for failing to file an answer he argues that it was always his intention to answer the amended complaint. He asserts that he was unable to answer properly because he had only lived in California for five years prior to being served and was therefore unfa-

miliar with California law. The respondent contends that he believed that he had properly answered the complaint by writing a letter to the appellants' attorney. To support his assertion that he was genuinely confused, concerning California legal procedure, the respondent points out that he attended his own deposition as well as the May 27, 1981, arbitration hearing, in the belief that he was properly defending his case.

Although the respondent may have actually believed that he was correctly defending his interests, we cannot agree that such a belief was justified. The instructions on the face of the summons set forth the following: "A civil complaint has been filed by the plaintiff against you. If you wish to defend this lawsuit, you must, within 30 days after this summons is served on you, file with this court a written response to the complaint." The notice was calculated to inform anyone capable of reading English (or Spanish, since the same instruction is set forth in that language) of the necessity of filing an answer with the court.

The respondent was born in an English speaking country, became a citizen of Australia, a nation that uses English as its primary language and then moved to California. Once in this state the respondent obtained a real estate brokers license. The respondent's ability to obtain a real estate license demonstrates both his sophistication in business matters as well as his familiarity with the English language. The respondent clearly had the capacity to understand the significance of the message contained on the summons. The respondent's case is further undermined by the fact that the appellants' attorney made several requests of the respondent to submit an answer to the court before a default was entered. The respondent chose simply to ignore the requests.

We find that neither of the respondent's explanations for failing to defend his interest constitutes a sufficient excuse to justify setting aside the default judgment.

### Diligence

In addition to demonstrating that a case has merit and that the defaulted party has an adequate excuse for filing to defend, the party seeking relief from a default must produce evidence that he acted diligently to set aside the judgment. The Supreme Court has indicated that original negligence in allowing the default to be taken will be excused if the aggrieved party makes a strong showing of diligence in seeking relief soon after discovering entry of the judgment. (*Hallett* v. *Slaughter* (1943) 22 Cal.2d 552 [140 P.2d 3].)

A review of the facts in this case reveals that the respondent reacted to the entry of default with less than due haste. The default was entered July

28, 1980. The respondent does not deny receiving notice of this event. However, rather than immediately taking steps to set aside the default the respondent did nothing.

The respondent continued his course of inactivity until May 27, 1981, at which time he appeared at the arbitration hearing. At the arbitration hearing the respondent was prohibited from testifying because the default had been entered against him. The respondent continued in his refusal to formally defend himself even after the appellant offered to voluntarily set aside the default in order to allow the respondent to answer.

On November 6, 1981, the cause came on for hearing on default. Two months later on January 21, 1982, a judgment debtor hearing was held where the respondent was examined concerning the nature and extent of his assets. Not until March 15, 1982, did the respondent move to set the default aside. This motion was filed nearly 20 months after the default had been entered.

The question of what constitutes sufficient diligence in setting aside a default was considered in *McCreadie* v. *Arques* (1967) 248 Cal.App.2d 39 [56 Cal.Rptr. 188]. In that case the court held that a defendant's delay of more than a year, before seeking to set aside a default, could not be considered proper diligence. In *McCreadie* as in this case the defendant possessed a meritorious defense. Furthermore, in both *McCreadie* and the case at bar the defendants were each men of substantial business acumen.

"One moving in equity to set aside a default judgment must act diligently in making his motion after he learns of the default judgment." (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 856-857 [48 Cal.Rptr. 620, 409 P.2d 700].) The respondent in waiting over 20 months before taking action to set aside the judgment, has clearly failed to demonstrate proper diligence.

Given that the respondent satisfied only one of the three criteria necessary for setting aside a default, we find that the trial court abused its discretion in setting aside the appellants' judgment.

Accordingly, the judgment of the lower court is reversed.

Abbe, J., and Gilbert, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 16, 1983.