[No. G035605. Fourth Dist., Div. Three. July 27, 2006.]

HOUMAN MOGHADDAM, Plaintiff and Appellant, v.
KEVIN BONE et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Yevgeniya G. Lisitsa and Yevgeniya G. Lisitsa for Plaintiff and Appellant.

M. Candice Bryner for Defendants and Respondents.

**OPINION**

**O'LEARY, J.**—The trial court entered a default judgment in favor of Houman Moghaddam when Kevin Bone and Morgan Bone (the Bones) failed to answer the complaint. The default was later set aside based on the Bones' unopposed claim of extrinsic fraud/mistake. Subsequently, Moghaddam moved the court to abandon its decision to vacate the default judgment. The

trial court revisited the motion to set aside and reaffirmed its previous ruling. Moghaddam challenges: (1) the validity of the court's original decision to vacate the default judgment, claiming the Bones failed to give him proper notice; and (2) the court's reaffirmation of the set aside order, on the ground the trial court improperly placed the burden of proof on him rather than on the Bones. We conclude his arguments as to both rulings have merit and, therefore, we reverse both orders and remand the matter. The motion to dismiss the appeal and for sanctions is denied.

## FACTS

On January 20, 1999, Kevin Bone and his wife, Morgan Bone, re-leased a car to Houman Moghaddam. It is disputed who was required to make the January lease payment, and neither party paid it. After subsequent payments went unpaid, Moghaddam received a negative mark on his credit report for defaulting on a car lease, which allegedly also resulted in a monetary loss.

Moghaddam filed a lawsuit against the Bones seeking both compensatory and punitive damages for breach of contract and fraud.[1] The Bones were purportedly personally served by a process server on July 28, 1999, at their residence of 9 Ovation, Aliso Viejo, California 92656. They deny receiving a copy of the summons and the complaint.

On December 8, 1999, with no answer filed by the Bones, the court scheduled a default "prove up" hearing. The Bones claim they did not receive notice of the hearing. Default was entered on January 21, 2000, and a few days later (January 24, 2000), the court orally entered judgment for Moghaddam in the amount of $63,000 in compensatory damages and $50,000 in punitive damages. The default judgment was signed by the court eight months later on September 27, 2000.

Moghaddam filed the judgment in two separate counties three years later, and claims he sent the Bones a copy of the abstracts of judgment. The Orange County Clerk mailed a copy of the abstracts to the Bones as well. In either late 2003 or early 2004, they received the abstracts at their then residence in Florida. The Bones first received an incomplete copy of the record, but by June 2004, they were able to obtain the entire record.

The Bones filed a motion to set aside the default and default judgment on November 8, 2004. The same day, notice was sent by mail to Moghaddam at

---

[1] The original complaint named three additional defendants: VT Incorporated, World Omni, and Experian. Actions against those defendants were settled, and they were dismissed from the case. The Bones are the only defendants remaining.

two different addresses: (1) P.O. Box 14034, Irvine, California 92612; and (2) 3848 Campus Drive, Suite 118, Newport Beach, California 92626. Moghaddam maintains he never received notice of the Bones' motion and only learned about it independently on January 13, 2005.

On December 7, 2004, with no appearance from Moghaddam, the court granted the Bones' motion to set aside the default and the default judgment based on their claims of extrinsic fraud and extrinsic mistake. The Bones maintain they sent notice of the order by mail to Moghaddam at P.O. Box 14034, Irvine, California 92653. Moghaddam denies receiving it.

Moghaddam subsequently moved to stay all proceedings until the court heard his motion seeking relief from the December order vacating the default. The court granted the stay on February 28, 2005, excepting certain discovery regarding service and the Bones' receipt of Moghaddam's original summons and complaint.

Moghaddam next moved for relief under Code of Civil Procedure section 473.[2] On May 10, 2005, the court heard argument from both sides. It treated the section 473 motion as a motion for reconsideration of the Bones' motion to set aside the default and default judgment. Ultimately, reconsideration was granted and the court later reaffirmed its original decision to set aside the default.

Moghaddam appeals from both the December 7, 2004 order setting aside the default and default judgment, and the court's May 10, 2005 reaffirmation of that order.

## DISCUSSION

### 1. *The Bones' Motion to Dismiss*

The Bones move to dismiss the appeal on two grounds. First, they contend this court lacks jurisdiction because both orders Moghaddam appeals from are nonappealable. Not so. An order vacating default and default judgment pursuant to section 473 "is appealeable as an order after final judgment. [Citation.]" (*County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 834 [51 Cal.Rptr.2d 73].) In addition, an order denying relief under section 473 is appealable. (See *Crocker Nat. Bank v. Perroton* (1989) 208 Cal.App.3d 1, 5 [255 Cal.Rptr. 794]; *Alvarado v. City of Port Hueneme* (1982) 133 Cal.App.3d 695, 705 [184 Cal.Rptr. 154].) Both orders appealed from are appealable orders.

---

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

Second, the Bones claim the appeal of the December 7, 2004 order is untimely. We disagree. An appeal must be made within 60 days after service of the notice of entry of judgment, or 180 days after entry of judgment. (Cal. Rules of Court, rule 2(a)(1), (3).)

■ "Section 1013, subdivision (a), provides that the mailing of a notice is complete when it is posted in an envelope 'addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. . . .' " (*Triumph Precision Products, Inc. v. Insurance Co. of North America* (1979) 91 Cal.App.3d 362, 365 [154 Cal.Rptr. 120], italics omitted.) "[S]trict compliance with statutory provisions for service by mail is required, and improper service will be given no effect. [Citations.]" (*Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 511 [33 Cal.Rptr.2d 572] (*Lee*).)

Notice of an appealable judgment or order mailed to an incorrect address is not sufficient to constitute legal notice. (*Lee, supra,* 28 Cal.App.4th at p. 511.) A copy of the December 22, 2004 order setting aside the default and default judgment was sent by the Bones to Moghaddam at the correct post office box, but with the wrong ZIP Code. The correct ZIP Code, as written on Moghaddam's original complaint, is 92623. However, notice was sent to an address with the ZIP Code 92653.[3] In the absence of proof notice was actually received, the Bones' failure to use the correct ZIP Code invalidates what would have otherwise been sufficient notice.

Having never been properly served with notice of the court's December order, Moghaddam had "180 days after entry of judgment" to file an appeal. (Cal. Rules of Court, rule 2(a)(3).) His notice of appeal was filed May 23, 2005, clearly within 180 days of December 7, 2004. Moghaddam's appeal of the December 2004 order is timely.

## 2. *Vacation of Default and Default Judgment*

■ Moghaddam challenges the court's December 2004 order setting aside the default judgment, claiming it is invalid because he was not given notice of the motion. We agree the ruling is void.

As previously noted, service of papers to an incorrect address is not acceptable notice. (*Lee, supra,* 28 Cal.App.4th at p. 511.) Notice of the Bones' motion to set aside the default and default judgment was sent to

---

[3] We also note proof of service is dated December 8, 2004, while the order was not signed by the court until December 22, 2004.

Moghaddam at P.O. Box 14034, Irvine, California 92612. This address contained the wrong ZIP Code. The correct ZIP Code is 92623. The record plainly shows Moghaddam was never given proper notice of the Bones' motion to set aside the court's previous judgment.[4]

"A court . . . is without jurisdiction to set aside a judgment, and an order setting aside a decree or judgment previously entered is void, if no notice is given to adverse parties whose rights would be affected by the order. [Citations.]" (*Linstead v. Superior Court* (1936) 17 Cal.App.2d 9, 13–14 [61 P.2d 355].) This is precisely the case here. Moghaddam was not given proper notice of the motion to set aside the default and default judgment he had previously been granted. Accordingly, the order setting them aside is void, and we need not reach Moghaddam's alternative substantive arguments. However, this finding does not end our analysis.

### 3. *Moghaddam's Section 473 Motion*

In his section 473 motion, Moghaddam "requested that the court revisit [the] motion setting aside the default, and essentially reverse [it, and] reinstate the default judgment." He asserted both procedural and substantive grounds for his position. First, he argued the set aside was void because he was not given proper notice of the Bones' motion to vacate.[5] Moghaddam then proceeded to contest the merits of the Bones' motion, claiming their allegations were based on lies and, even if true, were insufficient to afford them equitable relief from the default judgment.

Based on the court's language, we find the ruling on Moghaddam's section 473 motion is somewhat unclear. The court first stated Moghaddam's "motion to revisit" the Bones' motion was denied. Subsequently, it stated the motion for reconsideration was granted and the setting aside was reaffirmed. While the court's decision appears ambiguous based on its words, we can nevertheless infer from the entirety of the proceedings that the court did, in fact, revisit anew the Bones' original motion to set aside, and ultimately reaffirmed its prior decision. The court considered evidence from both parties, received

---

[4] Notice was also mailed to Moghaddam at a Newport Beach address: 3848 Campus Drive, Suite 118, Newport Beach, California 92626. We have no need to determine if Moghaddam could have properly been served at this address because, again, an incorrect ZIP Code was used. The correct ZIP Code would have been 92660.

[5] Moghaddam also claimed the court lacked jurisdiction because the Bones' motion had been filed outside the maximum six-month time period allowed by section 473. This contention has no merit. The Bones filed their motion asking the court to exercise its *equitable* powers to set aside the default due to extrinsic fraud or extrinsic mistake. Therefore, statutory time limits are not applicable to their motion. (*In re Marriage of Guardino* (1979) 95 Cal.App.3d 77, 88 [156 Cal.Rptr. 883].)

their written arguments, and gave them each an opportunity to be heard regarding the merits of the Bones' motion. In essence, it gave Moghaddam a rematch.

■ A fair "do over" wipes the slate clean. Accordingly, the same burden of proof applies as it would in an initial consideration of the same motion— the burden of proof resting with the moving party of the motion being reconsidered. (See *Harth v. Ten Eyck* (1941) 16 Cal.2d 829, 832–834 [108 P.2d 675]; *Tunis v. Barrow* (1986) 184 Cal.App.3d 1069, 1080 [229 Cal.Rptr. 389].)

■ " 'Where, as in the present case, a motion to vacate a default judgment is made more than six months after the default was entered, the motion is not directed to the court's statutory power to grant relief for mistake or excusable neglect under . . . section 473, but rather is directed to the court's inherent equity power to grant relief from a default or default judgment procured by extrinsic fraud or mistake.' [Citations.]" (*Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 314 [78 Cal.Rptr.2d 892] (*Gibble*).)

" 'Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. [Citation.] Examples of extrinsic fraud are: . . . failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed (and then it does proceed). [Citation.] The essence of extrinsic fraud is one party's preventing the other from having his day in court.' [Citations.] Extrinsic fraud only arises when one party has in some way fraudulently been prevented from presenting his or her claim or defense. [Citations.]" (*Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1300 [24 Cal.Rptr.3d 780].)

" 'Extrinsic mistake involves the excusable neglect of a party. [Citation.] When this neglect results in an unjust judgment, without a fair adversary hearing, and the basis for equitable relief is present, this is extrinsic mistake. [Citation.] Reliance on an attorney who becomes incapacitated, or incompetence of the party without appointment of a guardian ad litem, are examples of extrinsic mistake. [Citation.]' " (*Heyman v. Franchise Mortgage Acceptance Corp.* (2003) 107 Cal.App.4th 921, 926 [132 Cal.Rptr.2d 465].)

■ To set aside a judgment based on extrinsic fraud or extrinsic mistake, the moving party must satisfy three elements: "First, *the defaulted party* must demonstrate that it has a meritorious case. Secondly, *the party seeking to set aside the default* must articulate a satisfactory excuse for not presenting a

defense to the original action. Lastly, *the moving party* must demonstrate diligence in seeking to set aside the default once it had been discovered." (*Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1147–1148 [195 Cal.Rptr. 377] (*Stiles*), italics added; see also *Gibble, supra,* 67 Cal.App.4th at p. 315.)

Upon reconsideration of the Bones' motion requesting the default judgment be vacated, the court first found "that the Bones' side of [the] situation probably have [*sic*] a meritorious defense; that is, there is a real dispute between the parties as to what happened [regarding the car lease]." While the court properly placed the burden of proving a meritorious defense on the Bones as the moving party, it later misplaced the burden of proof on Moghaddam regarding the other elements required to set aside the default. It concluded, "[Moghaddam] failed to meet his burden of proof to convince the court that [the order setting aside default judgment] should be overturned." However, as the moving party of the motion to set aside, the Bones should have carried the burden of proving each element required to set aside the default. (*Stiles, supra,* 147 Cal.App.3d at pp. 1147–1148.)

In accordance with the strong public policy of allowing an individual his day in court, Moghaddam deserves a proper "do over." "It has long been the general rule and understanding that . . . 'it is the province of the trial court to decide questions of fact . . . .' [Citation.]" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [2 Cal.Rptr.3d 683, 73 P.3d 541].) Assessing credibility is inherently entwined in making factual determinations. The two cannot be more easily separated than a string of holiday lights jumbled into a giant gordian knot. Both properly lie within the role of the trial court. (See *Navarro v. Perron* (2004) 122 Cal.App.4th 797, 803 [19 Cal.Rptr.3d 198].)

A large majority of what must be considered in ruling on the Bones' motion to set aside the default and the default judgment hinges on the relative credibility of the parties involved. Indeed, within documents filed in support of his section 473 motion and this appeal, Moghaddam contests the truthfulness of each of the Bones' main assertions. First, he challenges the Bones' claim they did not receive notice of Moghaddam's complaint because, at that time, they were not living at the address at which service was effected. Moghaddam provides the declaration of Carl Lind, the Bones' prior landlord. Lind stated the Bones were, in fact, living at the address in question when service was allegedly effected. In addition, Moghaddam submits a signed copy of the proof of service of the complaint and summons stating Morgan Bone was personally served, and Kevin Bone was served via Morgan, at the rented property on July 28, 1999.

Second, Moghaddam criticizes the Bones' assertion they diligently moved to have the default judgment vacated as soon as they became aware of it. He

claims an entire year passed before the Bones filed their motion. And lastly, Moghaddam attempts to expose the falsity of Kevin Bone's allegation he was misled by Moghaddam about having to defend the action.

We recognize, as the trial court noted, "[i]t is very difficult to try [to] piece together who was served when, what went on between [the] two parties, [starting] out with [the] re-lease of the [automobile,] and all [the] legal proceedings that followed." However, as difficult as the determination may be, the trial court is obligated to correctly weigh each party's assertions and come to a conclusion regarding the motion before it.

## DISPOSITION

We reverse both postjudgment orders and remand for the court to consider anew the motion to set aside the default and the default judgment. The motion to dismiss the appeal and for sanctions is denied. Appellant shall recover his costs on appeal.

Bedsworth, Acting P. J., and Ikola, J., concurred.