Filed 10/30/23  Bastani v. Aghabeigi  CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MIKE BASTANI, Plaintiff and Appellant, v. BIJAN AGHABEIGI et al., Defendants and Respondents. | B317157 (Los Angeles County Super. Ct. No. BC264973) |

APPEAL from an order of the Superior Court of Los Angeles County.  Yolanda Orozco, Judge.  Affirmed.

Law Offices of Kenneth Gaugh and Kenneth Gaugh for Plaintiff and Appellant.

Semnar & Hartman, Babak Semnar, and Jared M. Hartman for Defendants and Respondents.

—————————————

Plaintiff and appellant Mike Bastani appeals from an order vacating and setting aside judgments against defendants and respondents Bijan Aghabeigi and PCH Enterprises (PCH). Bastani sued Aghabeigi and PCH in 2001, and a default

judgment was entered against them in 2002.  When Bastani obtained a writ of execution 19 years later, Aghabeigi, individually and as president of PCH, moved to set aside and vacate the judgments under Code of Civil Procedure[1] section 473 on the grounds that he was never properly served with the summons and complaint.  The trial court granted the motion and dismissed the action under section 583.210.

Bastani appeals, arguing the trial court abused its discretion in granting the motion to vacate the judgment and dismissing the action.  We find no abuse of discretion and affirm the order.

## BACKGROUND

On December 31, 2001, Bastani filed a complaint against Aghabeigi and PCH, alleging various causes of action including fraud, negligent misrepresentation, and infliction of emotional distress.  On March 13, 2002, Bastani filed proofs of service of summons on Aghabeigi and PCH.  On the proofs of service of summons, a registered process server attested that he personally served Aghabeigi at 24508 Park Granada, No. 202, Calabasas, California on January 24, 2002.  Thereafter, the clerk entered default against Aghabeigi and PCH.

On November 5, 2003, the judgments were entered against Aghabeigi and PCH in the amount of $75,537.75 plus interest.  On August 15, 2012, the judgments were renewed in the amount of $137,851.72.  On June 17, 2021, Bastani applied for an

---

[1]    All undesignated statutory references are to the Code of Civil Procedure.

abstract of judgment and filed several writs of execution in various California counties.

On September 17, 2021, Aghabeigi and PCH moved to set aside the judgments. Aghabeigi claimed he had no notice of the lawsuit because the complaint and summons were never served on him, therefore, the judgments were void. Aghabeigi asserted the proofs of service were fraudulent because the address where he was purportedly served did not exist. He argued the address was a single-family home, which had never been subdivided into separate unit numbers. Aghabeigi also claimed he first became aware of the lawsuit and judgments when his bank notified him that it had received a notice of levy under writ of execution.

In support of his motion, Aghabeigi provided several supporting declarations and exhibits to show that he was never served, including: his own declaration that he never lived at the subject address; his former neighbor's declaration, stating Aghabeigi lived in Agoura Hills, California, between June 2001 and July 2002 (the period of time when Aghabeigi was allegedly served); and his brother-in-law's declaration, stating that he, not Aghabeigi, lived at 24508 Park Granada, Calabasas, California, the address was a single-family home in a gated community, the address had never been subdivided into separate units, and there was no record of a process server entering the community on the date of service. Aghabeigi also attached several exhibits establishing his address history, which showed that he never lived at the 24508 Park Granada address. Finally, he provided a declaration from a real estate broker, who provided extensive documentation regarding the property history for 24508 Park Granada, showing that it had never been subdivided into separate units.

3

Bastani opposed the motion and provided a bankruptcy filing signed by Aghabeigi as president of Headland Mortgage Company, Inc., which listed the mailing address as 24508 Park Granada, No. 202, Calabasas, California.

The trial court granted the motion and dismissed the case. Bastani appealed.

## DISCUSSION

Section 473, subdivision (b), authorizes the trial court to vacate a default judgment entered against a party as a result of mistake, inadvertence, surprise, or neglect. "The statute 'contains both mandatory and discretionary provisions,' but only the discretionary provision is at issue." (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1102–1103.) "A void judgment may be challenged at any time. [Citations.] A judgment may be void on the face of the record or void for lack of proper service." (*Yeung v. Soos* (2004) 119 Cal.App.4th 576, 582.) "If service of summons was not made or was improper, and actual notice was not received, the default judgment is void for lack of personal jurisdiction." (*Ibid.*) A default judgment may be set aside if the party requesting relief did not have notice of the action due to service at an incorrect address. (*Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 288.)

We review the trial court's discretionary decision to set aside or vacate a default judgment under section 473, subdivision (b), for an abuse of discretion. (*County of San Bernardino v. Mancini, supra*, 83 Cal.App.5th at p. 1103.) "The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria." (*Department of Parks & Recreation v. State Personnel Bd.* (1991)

4

233 Cal.App.3d 813, 831.)  In determining whether there has been an abuse of discretion, we do not reweigh evidence or determine witness credibility.  (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1450.)  " 'When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272.)

Here, we find no abuse of discretion.  The trial court properly vacated the judgments after considering the parties' evidence and arguments, and finding Aghabeigi met his burden to show by a preponderance of the evidence he was never properly served with the summons and complaint either individually or as president of PCH.  Nothing else was required.

Bastani raises several arguments on appeal, none of which have merit.

First, Bastani argues Aghabeigi did not overcome Evidence Code section 647's rebuttable presumption that he was properly served.  The return of a registered process server "upon process or notice establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."  (*Ibid.*; *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 390.)  While Bastani acknowledges the presumption is rebuttable, he ignores the evidence Aghabeigi was never properly served, which effectively rebutted the presumption.  To the extent Bastani argues the evidence was insufficient given his own competing evidence, this is insufficient to demonstrate an abuse of discretion on appeal as we do not reweigh evidence or determine witness credibility.  (*Whyte v. Schlage Lock Co.*, *supra*, 101 Cal.App.4th at p. 1450.)

5

Second, Bastani argues the trial court applied the wrong standard, determining whether he effectively served Aghabeigi based on the rules governing substitute service, which requires "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address." (§ 415.20, subd. (b).) According to Bastani, because Aghabeigi was personally served, whether the process server noted the correct address was immaterial. However, the question before the trial court was not whether the process server effected substitute or personal service, rather, the issue was whether Aghabeigi was served at all. In light of all the evidence, the nonexistent unit number at 24508 Park Granada was only one fact of many that supported the trial court's determination.

Lastly, citing *Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419 (*Palm Property Investments*), Bastani argues that Aghabeigi's bare denial is insufficient to overcome Evidence Code section 647's presumption of service. (*Palm Property Investments*, at p. 1428.) However, as previously stated, Aghabeigi's denial was supported by other evidence in the form of declarations and exhibits. In any event, *Palm Property Investments* does not support Bastani's argument. There, the court held the defendants' allegations denying service in their answer to the complaint were insufficient to overcome Evidence Code section 647's presumption, however, the court recognized the defendants could still present evidence to rebut the presumption at trial. (*Palm Property Investments*, at p. 1428.) Here, Aghabeigi's denial was not just an allegation contained in a pleading, but a contested issue of fact that was decided on the merits by the trial court.

6

Accordingly, Bastani has failed to show an abuse of discretion.

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.


                                    VIRAMONTES, J.

WE CONCUR:



        GRIMES, Acting P. J.



        WILEY, J.

7