Filed 9/19/24  Fernhill Owners Community Assn. No. 1 v. Garra CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| FERNHILL OWNERS COMMUNITY ASSOCIATION NO. 1,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TERESE HELENE GARRA,<br><br>    Defendant and Appellant. | G062778<br><br>(Super. Ct. No. 30-2019-01069232)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge. Affirmed.

MBK Chapman and William D. Chapman for Defendant and Appellant.

Community Legal Advisors and Jeffrey W. Speights for Plaintiff and Respondent.

Defendant Terese Helene Garra[1] appeals from a judgment awarding attorney fees to plaintiff Fernhill Owners Community Association No. 1 (Fernhill HOA). Garra asserts she was not properly served with the motion for fees, rendering the order awarding fees and the resulting judgment void. The trial court found Garra, who was representing herself in propria persona, was served at her place of residence, which is authorized service pursuant to Code of Civil Procedure section 1013, subdivision (a) (section 1013(a)).[2] We find no error and affirm.

STATEMENT OF FACTS

In May 2018, Garra purchased a townhome in Huntington Beach, California (the Huntington Beach property). The Huntington Beach property is in a common interest development overseen by Fernhill HOA. In May 2019, Fernhill HOA filed a complaint against Garra, alleging she had violated Fernhill HOA's governing documents by renting the Huntington Beach property to multiple third parties rather than using it as a single-family dwelling (the Action). In October 2019, Garra filed a cross-complaint in the Action.

On or about November 15, 2021, Garra stopped renting out the Huntington Beach property and moved into it herself. Garra had been represented by counsel in the Action, but in December 2021, she filed a substitution of attorney giving notice she would be representing herself. The

---

[1] Attorney fees were awarded against Garra individually and as Trustee of the Terese Helene Garra Trust (5/24/19).

[2] All further statutory references are to the Code of Civil Procedure.

2

substitution form provided an address in Newport Beach, California for Garra (the Newport Beach property).

In June 2022, Fernhill HOA voluntarily dismissed its complaint. Fernhill HOA served the dismissal on Garra by mail at the Huntington Beach property rather than the Newport Beach property.

Five days after dismissing its complaint, Fernhill HOA filed a motion for attorney fees and costs (Motion for Fees). At the time the Motion for Fees was filed, Garra's cross-complaint against Fernhill HOA was still pending. The Motion for Fees asserted Fernhill HOA was the prevailing party in the Action because it had accomplished its main litigation objective, i.e., to stop Garra from continuing to violate the governing documents by renting the townhouse to multiple, unrelated parties. Fernhill HOA served the Motion for Fees by mail on Garra at the Huntington Beach property.

The trial court heard the Motion for Fees in September 2022. Garra did not oppose the Motion for Fees and did not appear at the hearing. The court awarded Fernhill HOA more than $118,000 in fees and costs. At the same hearing, the court dismissed Garra's cross-complaint without prejudice. Fernhill HOA sent notice of the rulings to Garra at the Huntington Beach property.

A month later, on October 31, 2022, Garra, still in propria persona, filed a motion asking the trial court to vacate the attorney fees award (Motion to Vacate). The Motion to Vacate was in the form of a declaration and stated Garra had not been served with and did not know about Fernhill HOA's Motion for Fees. Fernhill HOA served its opposition to the Motion to Vacate on Garra at the Huntington Beach property.

Garra's Motion to Vacate was heard and denied in March 2023. Garra did not appear at the hearing. Although Garra had not cited any legal

authority in her motion, the trial court construed it to be a motion under section 473, subdivision (b), to set aside the attorney fees order.[3] The court denied the Motion to Vacate, finding Garra resided at the Huntington Beach property at the time the Motion for Fees was served, so service of the Motion for Fees at that address was sufficient to give Garra notice.

Fernhill HOA filed a motion for entry of judgment against Garra and served Garra by mail at the Huntington Beach property. Garra filed an opposition to the motion for entry of judgment. On April 27, 2023, the trial court granted Fernhill HOA's motion for entry of judgment and entered the attorney fees order as a judgment. Garra timely appealed.[4]

DISCUSSION

Garra argues the attorney fees order and the resulting judgment should be vacated because she was not properly served with the Motion for Fees. If the Motion for Fees was not properly served, the trial court would have been without jurisdiction to rule on it. A court "lacks jurisdiction to rule on a motion that has not been properly noticed for hearing on the date in

---

[3] Section 473, subdivision (b) allows the court to "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

[4] Garra's notice of appeal states she is appealing from an "order after judgment" entered on April 27, 2023. April 27, 2023, is the date of the judgment in this matter and we deem the appeal to be an appeal from the judgment.

question." (*Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1204–1205.)

On appeal, Garra invokes section 473, subdivision (d) (section 473(d)), which allows a court to set aside "any void judgment or order." Fernhill HOA argues Garra may not now invoke section 473(d) because she did not cite that code section in her Motion to Vacate. Fernhill HOA's argument fails for two reasons. First, although Garra did not specifically cite section 473(d) in her Motion to Vacate, she put the propriety of the service of the Motion for Fees squarely before the trial court. Her Motion to Vacate asserted: "'Defendant' was unaware of the Motion for Attorney's Fees filed by the 'Association' on June 24, 2022, as 'Defendant' was not served. The 'Association' failed in its duty to inform me of this motion and my required response to the Motion. 'Defendant' had dismissed [her] own counsel on 10/29/2021." (Boldface omitted.)

Second, even if Garra had not raised the service issue in her Motion to Vacate, lack of jurisdiction can be raised at any time. (*Adoption of Myah M.* (2011) 201 Cal.App.4th 1518, 1531 ["Challenges to void orders, as distinguished from voidable orders, can be made at any time"]; see *Harris v. Board of Education* (1957) 152 Cal.App.2d 677, 680 [without notice, there is no jurisdiction, and the order may be vacated at any time].) The issue of whether Garra was properly served is appropriately raised on appeal.

Fernhill HOA served all relevant documents on Garra by mail at the Huntington Beach property. Section 1013(a) governs service by mail. It requires service to "the office address as last given by that person on any document filed in the cause and served on the party making service by mail; *otherwise at that party's place of residence.*" (§ 1013(a), italics added.)

5

Garra acknowledges in her opening brief that section 1013(a) provides two alternative locations for service by mail, either the office address *or* the party's place of residence. Garra reiterated the point in her reply brief, citing section 1013 and stating, "[s]ervice by mail is accomplished by serving a party at its residence." According to Garra, however, "[i]n the case of a party proceeding in pro per, the address stated on the Substitution of Attorney form will be the party's residence address." In other words, Garra contends the address listed on her substitution of attorney form filed with the trial court *must be assumed* to be her residence address (even if the substitution of attorney form does not so state), and the court could not properly find otherwise, even in the face of contrary evidence.[5] We disagree.

As an initial matter, section 1013 does not create a separate rule for mail service on a party appearing in propria persona. On its face, the statute simply sets forth two means of service by mail: one at the office address of the person being served (as last given by that person on any document filed in the action), and the other at the residence address of the party being served.

Moreover, the trial court made a factual finding that Garra resided at the Huntington Beach property at the time the Motion for Fees was served on her at that address. We review that finding to see if it is supported by substantial evidence. (*Strathvale Holdings v. E.B.H.* (2005) 126

---

[5] Garra's counsel went further at oral argument, suggesting that the last address given by a party in a document filed with the court is the *only* one that can be used for service, even if it is not an office address. That interpretation is inconsistent with the plain language of the statute, effectively writing the word "office" out of the statute and ignoring the "residence address" alternative.

Cal.App.4th 1241, 1250 [appellate court defers to factual findings supported by substantial evidence].) We have no difficulty concluding it is.

The record is replete with evidence supporting the finding that Garra was residing at the Huntington Beach property as of June 28, 2022. For example, in a December 6, 2021 e-mail to Fernhill HOA's counsel, Garra confirmed she was living at the Huntington Beach property starting November 14, 2021. In a December 20, 2021 e-mail, Garra told Fernhill HOA's counsel: "I have moved into the [the Huntington Beach] property with 3 other family members. I plan to stay here 2 years." In a January 12, 2022 e-mail to her former attorney, attached as an exhibit to her Motion to Vacate, Garra stated: "As you know, I gave all my tenants notice in September and I moved into the property on November 15th. I am also running for the HOA board of directors." On October 31, 2022, Garra declared under penalty of perjury in her Motion to Vacate that she "moved into [the Huntington Beach] property for personal purposes on November 15, 2021." Finally, in an April 7, 2023 declaration filed in opposition to Fernhill HOA's motion for entry of judgment, Garra stated she moved into the Huntington Beach property on November 15, 2021.

Citing *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, Garra claims service to her residence at the Huntington Beach property was not sufficient because it was not service on her "designated address for service" as reflected in the court's records—i.e., the Newport Beach property address in the substitution of attorney form. *Moghaddam* is not on point, however, as it did not address whether service on a party's place of residence is valid service under section 1013. Rather, it held mail service using an incorrect zip code is not sufficient service where there is no proof notice was actually received. (*Moghaddam v. Bone, supra,* at p. 288.)

Substantial evidence supports the trial court's finding that Garra was served at her residence, so service was proper under section 1013(a).[6]

DISPOSITION

The judgment is affirmed. Fernhill HOA shall recover costs on appeal.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.

---

[6] Because we find service of the Motion for Fees on Garra at the Huntington Beach property complied with section 1013(a), we do not address Garra's contentions that e-mail service or actual notice of the motion are insufficient to overcome a failure to effect service in compliance with section 1013.