KAUS, P. J.
 

 On March 17, 1967, the superior court entered a judgment which affected three parties: it-awarded the plaintiff Valley Vista Land Co., (“Valley Vista”) the sum of $40,000 against the defendant Nipomo Water
 
 &
 
 Sewer Co., (“Nipomo”) and adjudged that this indebtedness “shall not constitute a vendor’s lien ... as against defendant Jake Will . . . but that the deed of trust in favor of said defendant Jake Will ... is expressly declared to be prior in right to the unpaid indebtedness which defendant Nipomo Water & Sewer Co. owes to plaintiff Valley Vista Land Co. ’ ’ On May 24, 1967, Nipomo filed a notice of appeal. On June 5, 1967,
 
 *169
 
 Valley Vista filed a notice of appeal from that portion of the judgment which declared Jake Will’s deed of trust to be prior in right.
 

 The record on both appeals was filed in this court on July 31, 1967. Meanwhile, on July 28, 1967, Jake Will filed a motion to dismiss Valley Vista’s appeal as having been filed too late. Three days later Valley Vista filed a notice of motion to dismiss Nipomo’s appeal on the same ground.
 
 [1]
 

 Valley Vista’s motion is supported by declarations of two deputy county clerks which show the following: On March 20, 1967, notices of entry of judgment were mailed to the attorneys for all parties. Unfortunately the envelope containing the notice of entry of judgment addressed to the attorney for Nipomo bore the address “1180% Wilshire Boulevard” whereas his correct address was “ 11803%, Wilshire Boulevard. ’ ’
 

 The fact that the envelope had been mis-addressed was brought to the attention of the county clerk on May 24, 1967. New notices of entry of judgment were thereupon mailed to all parties. A search of the county clerk’s office did not reveal that the original misaddressed notice of entry of judgment had ever been returned by the postal authorities. On August 3, 1967, the attorneys for Valley Vista served yet another notice of entry of judgment on the attorneys for Nipomo and Jake Will.
 

 Lyle W. Rucker, Esq., the attorney for Nipomo has filed a declaration to the effect that he never received the misaddressed notice of entry of judgment and first learned of such entry the day his notice of appeal was filed.
 

 Rule 2 (a) of the California Rules of Court provides as follows: “(a) Except as otherwise specifically provided by law, notice of appeal shall be filed
 
 within 60 days after the date of mailing notice of entry of judgment T>y the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure,
 
 or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3. ’ ’ (Italics added.)
 

 
 *170
 
 Section 664.5 of the Code of Civil Procedure reads as follows: ‘1 Promptly upon entry of judgment in a superior or municipal court, and whether trial was by the court or jury, the clerk of the court shall mail notice of entry of judgment
 
 to all parties
 
 who have appeared in the action and shall execute an affidavit of such mailing and place it in the court’s file in the ease. ’’ (Italics added.)
 

 Rule 2 (a) speaks of “the date of mailing ... by the clerk . . . pursuant to section 664.5 ...” Section 664.5 provides for a mailing by the clerk “to all parties.” It is evident that on March 20 the clerk did not mail the notice to all parties, but only to Valley Vista and Jake Will. Therefore no time started running on that date and both appeals were timely under the alternatives set forth in rule 2(a).
 

 In reaching this conclusion we have necessarily assumed that the clerk’s mailing of the notice of entry of judgment must, in all respects, comply with the provisions of the Code of Civil Procedure relating to service by mail. (Code Civ. Proc., §§ 1012, 1013, 1013a.) Section 1013 provides that the mailing is complete when the envelope is posted “addressed to the person on whom it is to be served, at his office address. ...” This was not done as far as the attorney for Nipomo is concerned.
 

 A successful service by mail requires strict compliance with the statute.
 
 (Forslund
 
 v.
 
 Forslund,
 
 225 Cal.App.2d 476, 485 [37 Cal.Rptr. 489].) While, in different contexts, an abortive service by mail has been held to be successful personal service (cf.
 
 Colyear
 
 v.
 
 Tobriner,
 
 7 Cal.2d 735, 743 [62 P.2d 741, 109 A.L.R. 191] ;
 
 Shearman
 
 v.
 
 Jorgensen,
 
 106 Cal. 483, 485 [39 P. 863] ;
 
 Heinlen
 
 v.
 
 Heilbron,
 
 94 Cal. 636, 641 [30 P. 8]) those cases involved situations of service by a party who had the choice between personal service and service by mail. However, rule 2 (a) starts no time running if the clerk, through the instrumentality of the mail, makes personal service of the notice of entry of judgment.
 

 For the above reasons both motions are denied.
 

 Hufstedler, J.. and Stephens. J., concurred.
 

 [1]
 

 Nipomo Development Company was also a party below, but the judgment is silent with respect to it and it has not appealed. Talley Tista’s motion is directed to a purported appeal by Nipomo Development Co. Since no such appeal was ever taken that part of the motion was moot.