[Civ. No. 55349. Second Dist., Div. Three. Mar. 30, 1979.]

TRIUMPH PRECISION PRODUCTS, INC., Plaintiff and Appellant, v.
INSURANCE COMPANY OF NORTH AMERICA,
Defendant and Appellant;
LIFESAVER PRODUCTS, INC., Defendant and Respondent.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## COUNSEL

Hahn, Cazier & Leff, Roger C. Wesley and Linda Gail Hulse for Plaintiff and Appellant.

Montgomery, Bottum, Regal & McNally and Kenneth A. Black for Defendant and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**KLEIN, P. J.**—Plaintiff Triumph Precision Products, Inc. (hereinafter Triumph) brought an action in the municipal court for a money judgment against defendant Lifesaver Products, Inc. (Lifesaver), which action was subsequently settled. However, when Lifesaver failed to pay Triumph

[redacted]

according to the terms of the settlement, Triumph obtained a judgment on a surety bond against Insurance Company of North America (INA), surety for Lifesaver. INA then filed a motion for a new trial, which was granted by the municipal court in a minute order dated September 23, 1977.

Counsel for Triumph did not learn of the entry of the new trial order until October 28, 1977, when he saw it referred to in a letter from opposing counsel. Later that same day, in a telephone conversation with a clerk of the municipal court, Triumph's attorney was told that notice of entry of the new trial order had been mailed to all parties on or about September 23, 1977, but that the notice mailed to him pursuant to Code of Civil Procedure section 664.5[1] had been subsequently returned to the court by the Postal Service as undeliverable at the address stated thereon. The envelope containing the notice had been addressed to Triumph's attorney at the correct street address, but had omitted the name of his law firm.[2] The clerk immediately mailed a second notice to Triumph's attorney, which was received by him the following day, October 29, 1977.

On November 2, 1977, Triumph filed a notice of appeal in the appellate department of the superior court from the minute order granting a new trial; INA filed a protective cross-appeal on November 9, 1977. The appellate department dismissed Triumph's appeal as untimely since California Rules of Court, rule 122(a), requiring, in general, that notices of appeal be filed within 30 days after the date of the mailing of notice of entry of judgment by the clerk of the court pursuant to section 664.5, had not been complied with. INA's cross-appeal was consequently also dismissed as untimely. (See Cal. Rules of Court, rule 123(c).) Triumph then petitioned the appellate department for a rehearing, arguing that the parties should not be deprived of their appellate rights because of a mailing error. The appellate department granted the rehearing, but ultimately upheld its earlier dismissals and certified the case for transfer to this court pursuant to California Rules of Court, rules 62 and 63.

[1]Section 664.5 of the Code of Civil Procedure provides in pertinent part that "[p]romptly upon entry of judgment" in a municipal court action "the clerk of the court shall mail notice of entry of judgment to all parties who have appeared in the action . . . and shall execute a certificate of such mailing and place it in the court's file in the cause. . . ."

Hereinafter, all code section references are to the Code of Civil Procedure.

[2]The envelope was addressed to "Brendon D. Lynch, 800 Wilshire Boulevard, Los Angeles, California 90017," omitting "c/o Dietsch, Gates, Morris & Merrell," the name of the law firm with which Mr. Lynch was associated.

■  The issue presented by these facts is whether the first notice mailed to Triumph's counsel without inclusion of his law firm in the address constituted notice within the meaning of section 664.5. If it did not, then Triumph's appeal was timely since it followed within 30 days of the mailing of the second notice.

Section 1013, subdivision (a) provides that the mailing of a notice is complete when it is posted in an envelope "addressed to the person on whom it is to be served, *at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail*; otherwise at his place of residence. . . ." (Italics added.) This subdivision is applicable to the mailing by a court clerk of notice announcing the entry of an appealable judgment or order. (See *Valley Vista Land Co.* v. *Nipomo Water & Sewer Co.* (1967) 255 Cal.App.2d 172, 174 [63 Cal.Rptr. 78].)

An inspection of all the documents filed by Triumph in the instant case prior to the September 23, 1977, order granting a new trial discloses that the name of the law firm representing Triumph was designated on each one. Accordingly, the correctly addressed envelope should have included the firm name.

■  Where the envelope containing the notice is improperly addressed, it is as though notice were never mailed by the clerk. (*Valley Vista Land Co.* v. *Nipomo Water & Sewer Co., supra,* at pp. 173-174.)  ■  The ineffectiveness of the first notice mailed in the case at bench pursuant to section 664.5 is thus manifest. As reasoned above, Triumph's notice of appeal must consequently be deemed to have been timely filed.

In view of our opinion herein, the cause is remanded to the appellate department with directions to consider the appeal and cross-appeal on their merits. Each party will bear its own costs.

Allport, J., and Potter, J., concurred.