[No. B193745. Second Dist., Div. One. Feb. 28, 2008.]

EDMOND ADAIMY, Plaintiff and Appellant, v.
SANDRA RUHL et al., Defendants and Respondents.

## Counsel

Law Offices of Ernest J. Franceschi, Ernest J. Franceschi; Sedgwick, Detert, Moran & Arnold, Robert F. Helfing and Kirk C. Jenkins for Plaintiff and Appellant.

Barnes, Crosby, FitzGerald & Zeman, Michael J. FitzGerald and Eric P. Francisconi for Defendants and Respondents.

## Opinion

JACKSON, J.[*]—

### INTRODUCTION

Plaintiff Edmond Adaimy appeals from a judgment in favor of defendants Sandra Ruhl and Jerash, LLC, and from an order denying his motion for new

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

trial. Plaintiff contends the trial court erred in denying a new trial based on inconsistent special verdicts and a vague special verdict form. He further contends the trial court abused its discretion in declining to resolve equitable issues. Defendants claim the appeal must be dismissed, in that plaintiff's notice of appeal was untimely. We agree with defendants and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arose out of a business transaction between Edmond Adaimy (Adaimy) and his friend Subhi Zhili (Zhili) and Zhili's wife, Sandra Ruhl (Ruhl). Adaimy invested money in a development project supervised by Ruhl. The project resulted in a financial loss to Adaimy. Adaimy subsequently learned that the loss may not have been as great as Ruhl represented it to be, and that Ruhl may have used his investment to help finance a separate project by her own company, Jerash, LLC (Jerash).

Adaimy sued Ruhl and Jerash for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, conversion, and money had and received. He sought compensatory and punitive damages, an accounting, imposition of a constructive trust, and dissolution of his partnership with Ruhl by a receiver.

The case was tried to a jury on the legal causes of action. In its special verdict, the jury found the relationship between Adaimy and Ruhl was a partnership and a joint venture, that Ruhl breached her fiduciary duty and the implied covenant of good faith and fair dealing, and that the latter breach resulted in damage to Adaimy in the amount of $40,000. The jury found in favor of Ruhl on the causes of action for conversion and money had and received.

The court then tried Adaimy's equitable causes of action. It denied his request for an accounting or other equitable relief against Jerash, in that the jury found no wrongdoing on the part of Jerash. The court then entered judgment in Adaimy's favor in the amount of $40,000.

Adaimy moved for a new trial on the grounds the jury's special verdicts were inconsistent, the language of one of the special verdict questions was impermissibly vague, and the trial court erred in denying him equitable relief. The trial court denied the motion.

## DISCUSSION

Judgment was entered on June 19, 2006, and the court clerk mailed notice of entry of judgment on the same date. On June 30, Adaimy filed notice of intent to move for new trial. The court heard the motion on August 3, and on August 7 entered its order denying the motion. The court clerk mailed notice of entry of order on the same date. On September 7, Adaimy filed his notice of appeal from the judgment and the order denying the motion for new trial.

Rule 8.104(a) of the California Rules of Court provides in pertinent part that a notice of appeal must be filed on or before the earliest of "60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment" or "180 days after entry of judgment." Under rule 8.108(b) of the California Rules of Court, "[i]f any party serves and files a valid notice of intention to move for a new trial [and the motion is denied], the time to appeal from the judgment is extended for all parties . . . [¶] . . . until the earliest of" "30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order" or "180 days after entry of judgment."

The court clerk mailed notice of entry of judgment on June 19, 2006. Under rule 8.104(a) of the California Rules of Court, notice of appeal was required to be filed within 60 days after that, by August 18. Adaimy's notice of appeal filed on September 7 therefore was untimely under rule 8.104(a).

The court clerk mailed notice of entry of the order denying Adaimy's motion for new trial on August 7, 2006. Under rule 8.108(a) of the California Rules of Court, he had 30 days after that to file his notice of appeal, to September 6, 2006. He did not file his notice of appeal until the following day, September 7, making it untimely and requiring dismissal of the appeal. (Cal. Rules of Court, rule 8.104(b).)

Adaimy argues that neither the 60-day period of rule 8.104(a) nor the 30-day period of rule 8.108(b) of the California Rules of Court applies, in that the court clerk did not properly serve notice of entry of judgment or order denying new trial. Therefore, he claims, he had 180 days after entry of judgment in order to file his notice of appeal, making it timely.

Adaimy originally was represented by Ernest J. Franceschi, Jr. (Attorney Franceschi). On May 17, 2006, Adaimy filed an association of counsel, associating Robert F. Helfing and Nikki Fong of Sedgwick, Detert, Moran & Arnold LLP. He requested that all documents be served on all counsel.

The court clerk's certificate of mailing notice of entry of judgment states that it was served on Attorney Franceschi only. The clerk's certificate of mailing notice of entry of the order denying the motion for new trial also lists

Attorney Franceschi only. The question is whether service on only one of Adaimy's two attorneys/law firms is sufficient to start the time for filing a notice of appeal. We conclude that it is.

Adaimy relies on the principle that "[s]uccessful service by mail requires strict compliance with all statutory requirements." (*Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 509 [33 Cal.Rptr.2d 572].) He notes that courts have found service to be ineffective "for a variety of errors." These errors, however, have resulted, or could have resulted, in a lack of actual notice to the party or the party's attorney. Here, by contrast, one of Adaimy's attorneys received actual notice of entry of the judgment and the order.

For example, in *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283 [47 Cal.Rptr.3d 602], cited by Adaimy, the court held service of notice of a motion was ineffective because it contained the wrong ZIP code. (*Id.* at p. 289.) The court noted that "[n]otice of an appealable judgment or order mailed to an incorrect address is not sufficient to constitute legal notice." (*Id.* at p. 288.) Although the address on the notice was correct other than the ZIP code, in the absence of proof that the notice actually was received, the error was sufficient to render service ineffective. (*Ibid.*)

Similarly, in *Triumph Precision Products, Inc. v. Insurance Co. of North America* (1979) 91 Cal.App.3d 362 [154 Cal.Rptr. 120], the court found notice ineffective where it was sent to plaintiff's counsel but counsel's law firm was omitted from the address. The court stated that where notice is improperly addressed, it is not effective. (*Id.* at p. 365.)

In *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276 [111 Cal.Rptr.2d 439], the court observed that the fundamentals of due process are notice and an opportunity to be heard. (*Id.* at p. 1286.) In *Gamet,* there was an order relieving counsel for the corporate plaintiff, but that order became effective only upon proof of service. There was no proof of service, so the order did not become effective. Furthermore, notice of subsequent proceedings was not served on counsel, and it was served on the corporate plaintiff at an incorrect address. (*Id.* at pp. 1285–1286.) Since the corporate plaintiff had no notice of the proceedings, the judgment against it was void. (*Id.* at p. 1286.)

None of the foregoing cases mandates a conclusion that service of the notices of entry of judgment and order here was ineffective. Notice was

properly addressed; it simply was sent to only one of the two law firms representing Adaimy. Adaimy thus had notice that the judgment and order were entered. Plaintiff has cited no statutory or case authority supporting the proposition that service of notice is not effective if made on one of multiple attorneys representing a party. In the absence of such authority, we hold that proper service on only Attorney Franceschi provided sufficient notice of entry of judgment and the order denying Adaimy's motion for new trial to start the running of the time in which to file a notice of appeal. The failure to file a notice of appeal within the statutory time period mandates dismissal of the appeal. (Cal. Rules of Court, rule 8.104(b); *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)[1]

Adaimy also asserts that the August 7, 2006 "Ruling on Submitted Matter" was not a notice of entry of order within the meaning of rule 8.108(b)(1)(A) of the California Rules of Court, in that it was not entitled "Notice of Entry of Order" and was not file-stamped with the date of entry. Adaimy acknowledges that on page 6 of the August 7, 2006 "Ruling on Submitted Matter," the words "Notice of Entry of Order" do appear. The document is not file-stamped with the date of entry, but that is not required for it to be a valid notice of entry of order. Rule 8.108(b)(1)(A) of the California Rules of Court gives an extension of time to file a notice of appeal until "30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order." It does not require that the notice of entry be file-stamped.

The file-stamping requirement comes into play under California Rules of Court, rule 8.104(a)(1), which starts the time to file a notice of appeal when the clerk mails "a document entitled 'Notice of Entry' of judgment *or a file-stamped copy of the judgment.*" (Italics added.) Again, the notice of entry of order need not be file-stamped. Adaimy's assertion therefore is not well taken.

## DISPOSITION

The appeal is dismissed. Defendants are to recover their costs on appeal.

Mallano, Acting P. J., and Vogel, J., concurred.

A petition for a rehearing was denied March 25, 2008, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 11, 2008, S162338.

---

[1] Our denial of Ruhl and Jerash's motion to dismiss does not bar our dismissal of the appeal, in that the denial of the motion states that it was without prejudice to raising the issue in their respondent's brief.