Filed 7/8/24  Nguyen v. Do CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LEE K. NGUYEN et al., | C096408 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2015-00182116-CU-DF-GDS) |
| v. | |
| TIM DO et al., | |
| Defendants and Respondents. | |

The day a court clerk mails notice of entry of judgment to a party starts a 15-day time limit for that party to file a motion for new trial.  (Code Civ. Proc., §§ 659, subd. (a)(2), 664.5, subd. (d) [unless otherwise stated, statutory section citations that follow are to the Code of Civil Procedure].)  This time limit is jurisdictional.  (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 336-337.)  Because the time limit is jurisdictional, service of the notice of entry of judgment must strictly comply with all statutory requirements in order to be valid and start the running of the time period.  (See

1

*Valero Refining Company – California v. Bay Area Air Quality Management Dist. Hearing Bd.* (2020) 49 Cal.App.5th 618, 635 (*Valero Refining*) [notice of appeal].)  A clerk's noncompliant service, unless notice was also served by a party, results in a 180-day time limit for that party to file a motion for new trial.  (§ 659, subd. (a)(2).)

This appeal asks us to determine what effect the clerk's not serving notice of entry of judgment on one party that did not move for new trial has on another party that was properly served but filed its motion for new trial more than 15 days after service.  The court clerk served notice of entry of judgment on counsel for plaintiffs and appellants and on counsel for defendant and respondent Tim Do.  The clerk, however, did not serve notice on defendant Chau Truong (aka Chau Ngoc Thuy) and his publishing entity, defendant Hai Van News & Services.  Truong was in pro. per. at trial, and he may have moved following the verdict without leaving the trial court a new mailing address.

Plaintiffs filed a motion for new trial 17 days after the clerk had served them with notice of entry of judgment.  The trial court dropped the motion from calendar, ruling it lacked jurisdiction to hear the motion because it was not timely filed.

Plaintiffs appeal.[1]  Although they do not dispute receiving timely service of notice of entry of judgment, they contend service was invalid as to all parties—and thus did not trigger the 15-day time limit—because the clerk did not serve notice of entry of judgment on Truong.

We disagree given the circumstances here and affirm the trial court's order.

### FACTS AND HISTORY OF THE PROCEEDINGS

At our request, respondent filed a request for judicial notice of certain electronic communications between the parties and the trial court after trial.  Plaintiffs do not

---

[1]  Plaintiffs are Lee K. Nguyen, Harvey Nguyen, Trung Q. Lam, Kenny N. Huynh, Crisan C. Kim, and Celeste Brown.

oppose the request. We grant it for that reason. (Cal. Rules of Court, rule 8.54(c); see *Amato v. Downs* (2022) 78 Cal.App.5th 435, 440, fn. 3.)

Plaintiffs sued defendants for defamation. In his answer to the complaint, Truong provided a mailing address. Following trial, the jury found defendant Do not liable. But it found Truong liable for $1,001,000 in damages. The verdict was rendered on March 30, 2022, and all parties were present.

By e-mail dated April 6, 2022, Truong informed the trial court's clerk and the parties that he was moving to Florida the following week, and he was no longer publishing Hai Van News. He would keep the same e-mail address. Asked by Do's counsel for a mailing address for service of papers, Truong replied he did not have one yet. The evidence does not indicate that Truong ever informed the court or the parties of his new address.

Judgment was filed on April 8, 2022. On that day, the court clerk e-mailed a filed-stamped copy of the judgment to the parties, including Truong.

On April 11, 2022, the clerk served notice of entry of judgment by mail. The notice stated the clerk was acting under order of the court. The clerk served notice on counsel for plaintiffs and on counsel for Do, but the clerk did not serve notice on Truong.

On April 18, 2022, plaintiffs served their own notice of entry of judgment by mail on Do's counsel and on Truong at his last known address.

On April 28, 2022, 17 days after the trial court served notice of entry of judgment, plaintiffs filed a notice of intention to move for new trial (motion for new trial). They served the motion on Truong at his last known mailing address. The trial court dropped the motion from the calendar. The court stated the motion was filed two days after the 15-day time period for filing the motion had expired. Because the time period was jurisdictional, the court lacked jurisdiction to hear the motion.

There is no evidence Truong filed any post-trial motion or a notice of appeal. He is not a party to this appeal.

DISCUSSION

The time limit for filing a motion for new trial is based on the date notice of entry of judgment is served. A party must file the motion within 15 days after the date a court clerk mails notice of entry of judgment where the clerk is required to serve notice under section 664.5, 15 days after service upon the moving party of notice of entry of judgment by any party, or within 180 days after the entry of judgment, whichever is earliest. (§ 659, subd. (a)(2).)

Section 664.5 requires a court clerk to serve notice of entry of judgment in at least two circumstances. Where the prevailing party in a contested action or special proceeding is not represented by counsel, the clerk must serve notice of entry of judgment "to all parties who have appeared in the action[.]" (§ 664.5, subd. (b).) Of relevance here, the clerk also must serve notice of entry of judgment in any action or special proceeding, contested or not, upon order of the court. (§ 664.5, subd. (d).) In this matter, the clerk served notice of entry of judgment under order of the court.

Unlike subdivision (b) of section 664.5, subdivision (d) requiring the clerk to serve notice upon order of the court does not expressly indicate service must be made on all parties who appeared in the action. Subdivision (d) reads, "Upon order of the court in any action or special proceeding, the clerk shall serve notice of entry of any judgment or ruling, whether or not appealable." (§ 664.5, subd. (d).)

Section 659's time limits on filing a motion for new trial, as with the time limits for filing a motion for judgment notwithstanding the verdict and a notice of appeal, are jurisdictional. (*Kabran v. Sharp Memorial Hospital, supra*, 2 Cal.5th at pp. 336-337.) Courts agree that because the time limits are jurisdictional, a clerk's service of notice of entry of judgment by mail must strictly comply with all statutory requirements for mailed service for the notice to trigger the time limit. (*Valero Refining, supra*, 49 Cal.App.5th at p. 635.)

4

Where service of notice of entry of judgment does not comply with statutory requirements, it is ineffective and does not trigger the jurisdictional time limit, even if the moving party has actual notice of the judgment. (*Valero Refining, supra*, 49 Cal.App.5th at pp. 633-636 [clerk's mailing of notice of entry of judgment to incorrect address for moving party did not trigger 60-day time limit for party to file notice of appeal even though party actually received the clerk's notice]; *Marriage of Carnall* (1989) 216 Cal.App.3d 1010, 1017 [former Cal. Rules of Court, rule 2(a)'s 60-day limit after service of notice of entry of judgment to file notice of appeal did not apply where neither the clerk nor the parties served notice of entry of judgment on appellant]; *Triumph Precision Products, Inc. v. Insurance Co. of North America* (1979) 91 Cal.App.3d 362, 365 [improperly addressed notice of entry of new trial order which appellant did not receive did not start time limit to file appeal with superior court appellate department; where notice is improperly addressed, "it is as though notice were never mailed by the clerk"].)

One reported opinion cited by the parties concerned service of notice of entry of judgment on multiple moving parties. In *Valley Vista Land Co. v. Nipomo Water & Sewer Co.* (1967) 255 Cal.App.2d 172 (*Valley Vista*), the clerk, who was required at that time under former section 664.5 to mail notice of entry of judgment "to all parties who have appeared in the action," mailed notice to attorneys for all parties (one plaintiff and two defendants). Notice to one defendant was incorrectly addressed and was not received. The plaintiff who received notice of entry of judgment and the defendant who did not both filed notices of appeal more than 60 days after the clerk served the notices of entry of judgment, contrary to former California Rules of Court, rule 2(a). (*Valley Vista,* at pp. 172-173, 174.)

The Court of Appeal held that because the clerk did not mail notice of entry of judgment "to all parties" as required by former section 664.5, the time for filing a notice of appeal did not start running on the date notice of entry was mailed, and *both* appeals

5

were timely under former California Rules of Court, rule 2(a). (*Valley Vista, supra*, 255 Cal.App.2d at p. 174.)

The court stated that a clerk's mailed service of notice of entry of judgment must comply in all respects with statutes regarding service by mail. (*Valley Vista, supra*, 255 Cal.App.2d at p. 174.) The clerk's service did not comply with section 1013's requirement that notice be addressed to the recipient at his office address. The court stated, "A successful service by mail requires strict compliance with the statute." (*Ibid*.)

We and the parties found no reported opinion discussing the issue before us—what effect does a court clerk's not serving notice of entry of judgment on a non-moving party, who informed the court he was moving out of state and left no forwarding residential or business address, have on the time limit for a moving party to file a new trial motion who was properly served with notice of entry of judgment by the clerk but who filed the motion more than 15 days after service of notice.

Plaintiffs contend the clerk's failure to serve notice of entry of judgment on Truong rendered the service of notice on all parties invalid, even though service on plaintiffs complied with all statutory requirements. Plaintiffs read section 664.5, subdivision (d) as requiring service of notice of entry of judgment on all parties when the court orders the clerk to serve notice, and the clerk's notice must be in strict compliance with all statutory requirements. Otherwise, the clerk's notice would have different effects on different parties depending on which side of the clerk's omission they fell. Parties and appellate courts should not be required to speculate about jurisdictional time limits. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 64.) Plaintiffs assert that since the clerk's notice of entry was not effective, and no other notice of entry that complied with section 664.5 was served on them, they had 180 days from entry of judgment to file their motion for new trial.

In opposition, defendant Do contends the clerk's service of notice of entry of judgment complied with section 664.5 and case law interpreting that requirement.

6

Section 664.5, subdivision (d), which requires the clerk to serve notice when ordered by the court, does not expressly require the clerk to serve notice on "all parties," unlike subdivision (b) which requires a clerk to serve notice on "all parties" when the prevailing party is not represented by counsel. Moreover, there is no dispute that the clerk served notice on plaintiffs, and cases that found a clerk's notice void all concerned the moving party who did not receive timely notice. Do argues that it is only the rights of the moving party that are relevant for purposes of determining the validity of the clerk's service on that party. Because plaintiffs received proper notice, their motion for new trial was untimely.

Initially, we agree with plaintiffs that section 664.5, subdivision (d) requires a court clerk when ordered by the court to serve notice of entry of judgment to serve notice on all parties. It is true that subdivision (b) expressly requires the clerk in actions where the prevailing party is not represented by counsel to serve notice of entry of judgment on "all parties," while subdivision (d) states that upon order of the court, the clerk must "serve notice of entry of any judgment" without further specifying that service must be made to all parties. But to interpret subdivision (d) not to require a clerk to serve notice of entry of judgment on all parties when ordered by the court to serve notice is, if not a due process violation, an interpretation that results in absurd consequences we are confident the Legislature did not intend.

When we interpret statutory language, we do not examine that language in isolation. Rather, we view it de novo in the context of the statutory framework as a whole to determine its scope and purpose and to harmonize the various parts of the framework. (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616.) Even if the language is clear, we do not follow its plain meaning if doing so would result in absurd consequences the Legislature could not have intended. (*Ibid*.)

Defendant Do does not provide a rational basis why the Legislature would not require a court clerk, when ordered by the court to serve notice of entry of judgment, to

7

serve notice on all parties to the action.  The clerk must provide notice to all parties because, as stated above, the notice triggers jurisdictional time limits on statutorily provided post-trial rights available to all parties:  the right to move for a new trial, judgment notwithstanding the verdict, or to vacate the judgment, and the right to file a notice of appeal.  (§§ 629, 659, 663a; Cal. Rules of Court, rule 8.104(a).)  There is no rational reason why the Legislature would not require a court clerk to serve notice of entry of judgment on all parties when that notice is jurisdictional and triggers such important statutory rights.

Do relies on *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, to assert the California Supreme Court does not read subdivision (d) of section 664.5 to require a clerk to serve notice of entry on all parties but only requires the notice to say it is under order of the court.  Do misapplies the case.  The issue before that court was not whether a clerk must serve all parties.  Indeed, no aspect of service of notice of entry by a court clerk was before the court in *Palmer*.  The issue before it was what form of notice of entry of judgment served *by a party* commences the jurisdictional time limit for filing and deciding post-trial motions "when the clerk of the court does *not* mail notice of entry of judgment to the parties[.]"  (*Palmer*, at p. 1270, italics added.)  Published opinions are not authority for issues they did not decide.  (*Paul Blanco's Good Car Company Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86, 105.)

We thus interpret subdivision (d) of section 664.5 to require the court clerk to serve notice of entry of judgment on all parties when ordered by the court.  But this does not end our analysis.

To start the 15-day time limit for filing a motion for new trial, the clerk was required to serve notice of entry of judgment by mail.  (§ 659, subd. (a).)  Mailed service was required to strictly comply with all statutory requirements governing mailed service.  (*Valley Vista, supra*, 255 Cal.App.2d at p. 174.)  In this instance, however, Truong

8

prevented the clerk from complying with those requirements by not providing the court with his new mailing address.

A self-represented party whose mailing address changes while an action is pending must serve on all parties and file with the court a written notice of the change. (Cal. Rules of Court, rule 2.200.) Before the judgment was filed, Truong informed the court and the parties in writing that he had closed his business and was moving out of state the following week. He did not give the court a new address. Without knowing where Truong resided or worked, the court clerk was unable to serve notice of entry of judgment on Truong by mail.

Service by mail "may be made where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail[.]" (§ 1012.) Where service is made by mail, the envelope containing the notice must be "addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence." (§ 1013, subd. (a).) Because the court had been notified that the last address given by Truong was no longer valid, it was not obligated to serve notice to an address it understood was invalid. Indeed, in the cases cited above, service on an incorrect address has been a common reason why service has been declared invalid. (*Valero Refining, supra*, 49 Cal.App.5th at pp. 633-636; *Triumph Precision Products, Inc. v. Insurance Co. of North America, supra*, 91 Cal.App.3d at p. 365; *Valley Vista, supra*, 255 Cal.App.2d at p. 174.)

Of additional relevance, Truong's failure to inform the court and the parties of his new address for service of notices precluded him from potentially complaining he lacked notice of any proceeding or action following the trial court's announcement of judgment. The person to be served bears the burden of notifying the court of any change of address, " 'and failure so to do does not enable him to claim improper notice.' " (*Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 31, 30-33 [right to relief from default

9

forfeited by not notifying parties and court of change of address].)  By not providing the trial court his new address, Truong effectively forfeited his right to receive notice of entry of judgment from the court clerk.

In circumstances such as this, where the party moving for new trial was timely served with notice of entry of judgment in compliance with the statutory requirements governing service by mail, and where another party to the action not moving for new trial forfeited receiving that notice and prevented the court clerk from serving that notice, we conclude the service on the moving party is valid and triggers the 15-day deadline for filing a motion for new trial.  Plaintiffs received timely notice of the entry of judgment in the manner required by law, and they suffered no prejudice from Truong's forfeiture of his right to receive notice.

Truong's forfeiture of notice and his not timely filing a motion for new trial moots plaintiffs' concern that not voiding notice for all parties may result in the parties operating under different time limits.  Moreover, a party timely moving for new trial will eliminate this concern by serving the motion for new trial on the parties as required. Service of the motion, just as service of the notice of entry of judgment, triggers a jurisdictional 15-day time limit for all other parties to file their own motions for new trial. (§ 659, subd. (a)(2).)

10

DISPOSITION

The trial court's order dismissing plaintiffs' motion for new trial is affirmed.  Costs on appeal are awarded to defendant Do.  (Cal. Rules of Court, rule 8.278(a).)

                             _____

                             HULL, J.

We concur:

_____
EARL, P. J.

_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.