Filed 9/12/24  Cagle v. Armour CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TIBREA L. CAGLE, | B334400 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 21STCV19648 |
| AMOR L. ARMOUR, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Whitaker, Judge.  Affirmed.

D'Egidio & Pedroza and Irving Pedroza; Gelb Law and Yisrael Gelb for Plaintiff and Appellant.

Bradley Arant Boult Cummings and Michael W. Knapp for Defendant and Respondent.

_____

Plaintiff Tibrea L. Cagle appeals an order imposing monetary sanctions of less than $5,000 against her and her attorney, Irving Pedroza of D'Egidio & Pedroza, APC.  (See Code Civ. Proc., § 904.1, subd. (b).)[1]  Defendant Amor L. Armour moved for terminating and monetary sanctions under section 128.7 on the ground that plaintiff and her attorney had improperly maintained the action without an evidentiary basis for plaintiff's claims.  Defendant's evidence supported the request for sanctions, and plaintiff offered no evidence in opposition until after the trial court entered an order of dismissal terminating the action between the parties.  On this record, the trial court did not abuse its discretion.  We affirm.

## BACKGROUND

Consistent with our standard of review, we state the facts established by the evidence in the light most favorable to the trial court's ruling.  (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441 (*Peake*) [sanctions under section 128.7 reviewed for abuse of discretion and presumed correct]; *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711 [under abuse of discretion standard, "trial court's findings of fact are reviewed for substantial evidence"].)

Plaintiff filed this lawsuit in May 2021.  Her form complaint alleges defendant negligently operated a motor vehicle "thereby causing grievous and serious bodily injuries and damages" to plaintiff.[2]

---

[1]     Statutory references are to the Code of Civil Procedure. Rule references are to the California Rules of Court.

[2]     The complaint also named as defendants Maven Drive, LLC (the company that rented the vehicle to defendant) and Maven LSG, LTD LSR (the company that owned the vehicle).

In June 2022, after plaintiff and her counsel Pedroza refused to verify plaintiff's discovery responses and unilaterally cancelled her deposition with less than a day's notice, defendant filed a motion to compel and request for sanctions. On October 18, 2022 (before the hearing on defendant's motion), plaintiff amended her complaint to substitute Ki Hwan Kim for one of the doe defendants who was allegedly responsible for plaintiff's injuries. On November 8, 2022, the trial court granted defendant's motion to compel, finding plaintiff abused the discovery process. The court ordered plaintiff to provide verifications and appear for deposition within 30 days.

Plaintiff was finally deposed on December 13, 2022, after twice demanding $15,000 to settle the case while refusing to appear for her deposition within the court-ordered timeframe. She testified that two drivers other than defendant struck and injured her while she crossed the street. Plaintiff had amended her complaint to add one of those drivers—Kim—as a defendant months earlier. And she had sued the other driver—Laura Harrier—in a separate lawsuit sometime earlier. Plaintiff testified Kim's white van struck her as she crossed the street, and then Harrier's white car backed over plaintiff's head while she lay in the road, causing all of plaintiff's alleged injuries.[3] She confirmed her injuries did not affect her memory and her testimony reflected her full recollection of the incident.

After these defendants successfully removed the action to federal court, plaintiff dismissed them from the lawsuit as part of a stipulation for remand. In November 2021, the federal court granted plaintiff's unopposed motion for remand.

[3] According to plaintiff, Harrier had been chasing plaintiff down the street trying to hit her before Kim's van struck her.

After plaintiff's deposition, her counsel Pedroza acknowledged plaintiff had identified two drivers other than defendant who struck her and caused her injuries. In view of the admissions, Pedroza asked if defendant would agree to a dismissal in exchange for a costs waiver. Defendant's counsel agreed and prepared a confirming email, which he sent to Pedroza that evening. Plaintiff did not dismiss the action against defendant.

For the next two months, defendant's counsel made repeated attempts to reach Pedroza regarding the dismissal. In early February 2023, Pedroza responded. He advised that his firm had "no intention of pursuing this any further" and that plaintiff was "aware" of counsel's position. He said either plaintiff would sign a substitution of attorney to represent herself or he would withdraw from the case. He asked defendant's counsel to prepare a "waiver of costs release" to present to plaintiff. Pedroza explained, "I have to do what I believe my obligations to the client is [*sic*] without my office pursuing this claim any further." He reiterated, "we are no longer going to pursue this claim against your client." Later that day, defendant's counsel prepared a "stipulation for dismissal with wavier of costs" and emailed it to Pedroza. Plaintiff did not file the stipulation, and Pedroza did not move to be relieved as counsel.

On March 20, 2023, defendant served plaintiff and Pedroza with a motion for terminating and monetary sanctions under section 128.7. Relying on plaintiff's deposition testimony and the communications with Pedroza, defendant argued plaintiff and Pedroza knew plaintiff lacked evidentiary support for her claims yet unreasonably continued to pursue them in violation

4

of section 128.7, subdivision (b)(3).  Defendant maintained this continuing conduct was part of a pattern of delay and deception that plaintiff and Pedroza had employed to extract a nuisance settlement from defendant.  On April 17, 2023, after the 21-day safe harbor period passed without plaintiff dismissing her complaint or Pedroza moving to withdraw from the case, defendant filed the motion for sanctions with the court.

Plaintiff opposed the motion but offered no supporting declaration or other evidence.  Her opposition brief argued plaintiff's claims could not have been frivolous because defendant had offered a "policy limits" settlement that was "later withdrawn prior to the Plaintiff's deposition."  The brief also denied that Pedroza had engaged in bad faith tactics, acknowledging that plaintiff, "at her deposition[,] provided testimony that no longer allows for Plaintiff's counsel to continue representing the Plaintiff," while emphasizing that "Plaintiff's counsel has not engaged in any further discovery, or [settlement] offers to the Defendant" since plaintiff's deposition.[4]

On June 8, 2023, the trial court granted the motion, finding terminating and monetary sanctions were warranted against plaintiff and Pedroza for "advancing objectively factually frivolous claims against Defendant, in violation of Section 128.7, subdivision (b)(3)."  The court explained:  "Based on Plaintiff's admissions in her deposition that the subject car accident involved two separate individuals other than Defendant, Plaintiff's factually devoid written discovery responses, and Plaintiff's failure to advance any meritorious argument in

---

[4]     Plaintiff's attorney moved to be relieved as counsel the same day plaintiff filed her opposition.

opposition to the motion defending the validity of her claims against Defendant, the Court finds that Plaintiff's 'allegations and other factual contentions' advanced in her complaint do not have evidentiary support." The court ordered plaintiff and Pedroza, jointly and severally, to pay sanctions in the amount of $2,430, representing the attorney fees and costs defendant incurred to bring the sanctions motion.

On June 9, 2023, the trial court entered an order of dismissal with prejudice as to defendant.

The same day, Pedroza filed a declaration explaining his and plaintiff's reasons for filing and maintaining the action against defendant. On July 10, 2023, plaintiff filed an ex parte application for reconsideration, asking the court to revisit its ruling in light of Pedroza's declaration. The court rejected the application, ruling plaintiff failed to satisfy the procedural and substantive requirements for ex parte relief.

On August 10, 2023, plaintiff filed a request for voluntary dismissal of the entire action. The next day, the trial court entered an order of dismissal purporting to dismiss "MAVEN LSG, LTD LSR, et al." under section 581, subdivision (b)(3).[5]

On November 29, 2023, plaintiff filed a notice of appeal from the order imposing monetary sanctions. (See § 904.1, subd. (b).)

---

[5] As noted, plaintiff dismissed Maven LSG, LTD LSR from the action in late 2021 as part of a stipulation for remand from the federal court. (See fn. 2, *ante*.) Section 581, subdivision (b)(3) authorizes the trial court to dismiss an action "without prejudice, when no party appears for trial following 30 days' notice of time and place of trial."

## DISCUSSION

### 1. *Defendant's Motion to Dismiss and for Additional Sanctions*

Defendant moves to dismiss plaintiff's appeal and requests that we impose additional sanctions against plaintiff and her counsel. He argues this court lacks jurisdiction to consider the appeal, both because plaintiff voluntarily dismissed the action and because the appeal is untimely. He also maintains the appeal is frivolous, warranting an award of additional sanctions. We deny the motion.

This is the relevant procedural background: Pratik Shah of Shah D'Egidio, APC filed the complaint on plaintiff's behalf. On October 18, 2022, plaintiff's counsel filed a notice of firm name change and notice of change of handling attorney. The notice advised the firm's name had been changed to D'Egidio & Pedroza, APC and the attorney of record handling the case would be Irving Pedroza.[6] The filing confirmed the firm's mailing address and phone number had not changed, but requested that all future communications be addressed to Pedroza at the new firm name.

On June 9, 2023, the trial court signed and entered an order of dismissal with prejudice as to defendant. The same day, the clerk of the court served the order of dismissal on Pratik Shah at Shah D'Egidio, APC.

On June 15, 2023, defendant filed a memorandum of costs as the prevailing party.

---

[6] Pedroza had represented plaintiff and signed discovery responses on her behalf since March 2022.

7

On August 10, 2023, plaintiff filed a request for voluntary dismissal of the entire action. The superior court clerk entered the dismissal the next day.

On August 23, 2023, the court entered judgment in favor of defendant and against plaintiff, awarding defendant $7,719.13 in costs as requested in his unopposed costs memorandum.

On November 29, 2023, plaintiff filed her notice of appeal from the award of monetary sanctions.

Defendant argues plaintiff's voluntary dismissal of the action divests this court of jurisdiction to review the underlying proceeding. The rule he relies upon is not applicable in this case.

"When an action is wilfully dismissed by the plaintiff against one or more of several defendants the effect is the same as if the action had been originally brought against the remaining defendants." (*Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 (*Cook*), citing *Page v. W. W. Chase Co.* (1904) 145 Cal. 578, 584.) "A wilful dismissal terminates the action for all time and affords the appellate court no jurisdiction to review rulings on demurrers or motions made prior to the dismissal." (*Cook,* at pp. 760–761.) "After such dismissal the defendant is a stranger to the action." (*Id.* at pp. 761–762 [defendant who was voluntarily dismissed from action had no standing to appeal prior order overruling demurrer].)

The foregoing rule applies to a defendant who has been voluntarily dismissed—it does not apply to the "remaining defendants" or to a defendant who had already been dismissed from the action. (*Cook, supra,* 68 Cal.App.2d at p. 761; see, e.g., *Courtney v. Waring* (1987) 191 Cal.App.3d 1434, 1439 [plaintiff's voluntary dismissal of "all other defendants" did not divest appellate court of jurisdiction to review demurrer ruling in

8

favor of respondent-defendants].)  As we have discussed, two months *before* plaintiff filed her request for voluntary dismissal, the trial court entered the sanctions ruling and a signed order of dismissal with prejudice as to defendant.  A written order of dismissal, signed by the trial court, constitutes a final judgment and, as a general matter, divests the superior court of jurisdiction to alter the judgment with respect to those defendants affected by the dismissal.  (See *APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 181 (*APRI*) [" 'Once judgment has been entered, . . . the court may not reconsider it and loses its unrestricted power to change the judgment.' "]; cf. *Wells Fargo & Co. v. City and County of San Francisco* (1944) 25 Cal.2d 37, 44 ["The awarding of costs is but an incident to the judgment [citations], and is therefore within the court's jurisdiction to enter the judgment."].)  Because the court entered a signed order dismissing defendant from the action before plaintiff voluntarily dismissed what remained of the action, plaintiff has standing to challenge the sanctions ruling and we have jurisdiction to consider her appeal.  (Cf. *Yancey v. Fink* (1991) 226 Cal.App.3d 1334, 1342–1343 ["While a compulsory dismissal by order of a court is a judicial act from which a plaintiff may appeal, a voluntary dismissal by a plaintiff is accomplished by a ministerial act of the clerk, filing from which no appeal lies."].)

Alternatively, defendant argues plaintiff's appeal is untimely because she filed her notice of appeal more than 60 days after purported service of the June 9, 2023 order of dismissal and the August 23, 2023 judgment awarding costs.  Plaintiff contends neither document was properly served, and therefore her notice of appeal—filed within 180 days of entry of the dismissal order—was timely.  We agree with plaintiff.

Under rule 8.104, a notice of appeal must be filed on or before the earlier of either (a) 60 days after the superior court clerk or a party serves the appealing party with "a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service," or (b) 180 days after entry of judgment. (Rule 8.104(a)(1).) Under section 581d, "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes."

Defendant argues the superior court clerk's service of the June 9, 2023 order of dismissal triggered the 60-day deadline for plaintiff to file her notice of appeal.[7] Plaintiff acknowledges the signed order of dismissal under section 581d constitutes a "file-endorsed copy of the judgment" as specified in rule 8.104, but she argues the 60-day deadline was not triggered because the clerk addressed service of the document to Pratik Shah at Shah D'Egidio, APC after plaintiff had filed a notice of firm name change and change of handling attorney specifying that all future filings should be addressed to Irving Pedroza at D'Egidio & Pedroza, APC.

---

[7] Defendant seems to suggest the court's June 8, 2023 minute order granting his motion for terminating and monetary sanctions "constitutes entry of judgment" as well; however, defendant also acknowledges the order may "not satisfy" the requirements of section 581d. Defendant is correct on the latter point. Because the trial court did not sign the minute order, it does not constitute a judgment under section 581d. (Cf. *Muller v. Tanner* (1969) 2 Cal.App.3d 438, 440 [signed minute order dismissing action is "treated as a judgment of dismissal and as appealable" under section 581d].)

10

Section 1013 provides that "service by mail" is complete when it is posted in an envelope "*addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause* and served on the party making service by mail." (§ 1013, subd. (a), italics added.) "This subdivision is applicable to the mailing by a court clerk of notice announcing the entry of an appealable judgment or order." (*Triumph Precision Products, Inc. v. Insurance Co. of North America* (1979) 91 Cal.App.3d 362, 365 (*Triumph*); see *Valley Vista Land Co. v. Nipomo Water & Sewer Co.* (1967) 255 Cal.App.2d 172, 174 (*Valley Vista*) ["A successful service by mail requires strict compliance with the statute."]; see also *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902 (*Alan*) ["documents mailed by the clerk do not trigger the 60-day period for filing a notice of appeal unless the documents strictly comply with [rule 8.104]"].)

"Where the envelope containing the notice is improperly addressed, it is as though notice [was] never mailed by the clerk." (*Triumph, supra,* 91 Cal.App.3d at p. 365, citing *Valley Vista, supra,* 255 Cal.App.2d at pp. 173–174.) Here, because the clerk of the court did not address the order of dismissal to Irving Pedroza at D'Egidio & Pedroza, APC, the mailing of the order was not effective to trigger the 60-day deadline under rule 8.104.[8]

---

[8] As noted, on August 11, 2023—the same day the clerk entered plaintiff's request for voluntary dismissal—the trial court signed and entered an order of dismissal, listing the defendants as "MAVEN LSG, LTD LSR, et al." (See fns. 2 & 5, *ante*.) Although the superior court clerk correctly addressed mail service of the order to Pedroza at D'Egidio & Pedroza, we conclude this order was insufficient to trigger the 60-day filing deadline. As we have noted, "documents mailed by the clerk

11

(See *Triumph,* at pp. 364–365 [where "envelope containing the notice [of entry of order granting new trial] had been addressed to [appellant's] attorney at the correct street address, but had omitted the name of his law firm," clerk's mail service did not trigger deadline to appeal].)

Defendant's purported service of the August 23, 2023 judgment was likewise ineffective to trigger the 60-day deadline. In a declaration offered in support of the motion to dismiss, defendant's attorney states he "served Plaintiff's counsel with the [judgment] via email on September 12, 2023." However, the copy of the email offered with counsel's declaration does not include the judgment, much less a proof of service stating the date a filed-endorsed copy of the judgment was served. (See rule 8.104(a)(1)(B) [requiring "filed-endorsed copy of the judgment, accompanied by proof of service" to trigger 60-day deadline]; see also § 1013b [stating methods by which proof

---

do not trigger the 60-day period for filing a notice of appeal unless the documents strictly comply with [rule 8.104(a)(1)]." (*Alan, supra,* 40 Cal.4th at p. 902.) This order of dismissal did not clearly apply to defendant, who had already been dismissed from the case. Moreover, the order referred to dismissal under section 581, subdivision (b)(3)—the statute authorizing dismissal "when no party appears for trial following 30 days' notice of time and place of trial." (§ 581, subd. (b)(3).) In view of these anomalies, this order was insufficient to trigger the 60-day period. (See *Alan,* at p. 903 ["To interpret rule 8.104(a)(1) as commencing the 60-day period for filing a notice of appeal only when the clerk has sent a single, self-sufficient document satisfying all of the rule's conditions does not do violence to the rule's language."].)

of electronic service may be made].) Counsel's email was insufficient to trigger the 60-day deadline.

Finally, defendant argues the appeal is frivolous and requests we impose sanctions against plaintiff and her counsel.[9] He bases the request on the same grounds he asserted for dismissing the appeal, arguing plaintiff's "Request for Dismissal divest[ed] this Court of jurisdiction" and plaintiff "missed the deadline to timely file her notice of appeal." Having rejected both arguments, we also deny defendant's request for sanctions.

## 2. *Plaintiff Has Not Demonstrated the Trial Court Erred in Imposing Monetary Sanctions*

Section 128.7 "authorizes trial courts to impose sanctions to check abuses in the filing of pleadings, petitions, written notices of motions or similar papers." (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 514 (*Musaelian*).) Under this authority, trial courts may issue sanctions, including monetary and terminating sanctions, against a party or her attorney for filing a complaint that is factually frivolous. (§ 128.7, subds. (b)–(d); *Ponce v. Wells Fargo Bank* (2018) 21 Cal.App.5th 253, 263–264.) A complaint is factually frivolous if a reasonable attorney would agree it is not well grounded in fact because it lacks "evidentiary

---

[9] Section 907 authorizes the imposition of appellate sanctions "[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay." (See also rule 8.276(a)(1).) An appeal may be found frivolous and sanctions imposed when the appeal "is prosecuted for an improper motive —to harass the respondent or delay the effect of an adverse judgment," or "indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646, 650.)

13

support" and is "[un]likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." (§ 128.7, subd. (b)(3); *Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 167; *Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 189 ["[T]o obtain sanctions, the moving party must show the party's conduct in asserting the claim was objectively unreasonable.  [Citation.] A claim is objectively unreasonable if 'any reasonable attorney would agree that [it] is totally and completely without merit.' "].) "A court has broad discretion to impose sanctions if the moving party satisfies the elements of the sanctions statute."  (*Peake*, *supra*, 227 Cal.App.4th at p. 441.)

"[E]ven though an action may not be frivolous when it is filed, it may become so if later-acquired evidence refutes the findings of a prefiling investigation and the attorney continues to file papers supporting the client's claims.  [Citation.]  Thus, a plaintiff's attorney cannot 'just cling tenaciously to the investigation he had done at the outset of the litigation and bury his head in the sand.'  [Citation.]  Instead, 'to satisfy [the] obligation under [section 128.7] to conduct a reasonable inquiry to determine if his [or her] client's claim was well-grounded in fact,' the attorney must 'take into account [the adverse party's] evidence.' "  (*Peake, supra,* 227 Cal.App.4th at p. 441, quoting *Childs v. State Farm Mut. Auto. Ins. Co.* (5th Cir. 1994) 29 F.3d 1018, 1025.)[10]

---

[10]     "The Legislature enacted Code of Civil Procedure section 128.7 based on rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.), as amended in 1993 (Rule 11)."  (*Peake, supra,* 227 Cal.App.4th at p. 440, citing *Musaelian, supra,* 45 Cal.4th at p. 518, fn. 2.)  "Therefore, federal case law construing Rule 11

"[S]ection 128.7 provides for a 21-day period during which the opposing party may avoid sanctions by withdrawing the offending pleading or other document." (*Peake, supra,* 227 Cal.App.4th at p. 441; § 128.7, subd. (c)(1).) "By providing this safe harbor period, the Legislature designed the statute to be 'remedial, not punitive.' [Citation.] When a party does not take advantage of the safe harbor period, the 'statute enables courts to deter or punish frivolous filings which disrupt matters, waste time, and burden courts' and parties' resources.' " (*Peake,* at p. 441.)

"We review a [section] 128.7 sanctions award under the abuse of discretion standard. [Citation.] We presume the trial court's order is correct and do not substitute our judgment for that of the trial court. [Citation.] To be entitled to relief on appeal, the court's action must be sufficiently grave to amount to a manifest miscarriage of justice." (*Peake, supra,* 227 Cal.App.4th at p. 441.) The appellant bears the burden to overcome our presumption of correctness by affirmatively demonstrating error on the record presented. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.)

Plaintiff contends the imposition of monetary sanctions was an abuse of discretion for two principal reasons. First, she argues a police report placing defendant at the incident scene establishes she and her attorney had an objectively reasonable basis to believe defendant could have been at least partially responsible for her injuries when they filed the action. Second, with respect to her attorney, plaintiff argues Pedroza cannot be sanctioned for

_____

(28 U.S.C.) is persuasive authority on the meaning of section 128.7." (*Peake,* at p. 440.)

15

failing to dismiss the action, even after plaintiff's "self-sabotaging deposition testimony," because plaintiff "would not agree to the stipulation to dismiss."[11]

---

[11] Plaintiff also argues Pedroza cannot be sanctioned for failing to dismiss defendant from the action during the safe harbor period because some federal courts have held Rule 11 sanctions cannot be imposed on attorneys who do not sign offending papers or who fail to file papers, including a dismissal. (See, e.g., *Samuels v. Wilder* (7th Cir. 1990) 906 F.2d 272, 275.) However, other federal courts disagree with this interpretation of Rule 11. (See, e.g., *Mann v. G & G Mfg., Inc.* (6th Cir. 1990) 900 F.2d 953, 959 ["After the complaint is filed, plaintiffs' counsel retain a continuing responsibility to review their pleadings and, if necessary, to modify them to conform with Rule 11."]; accord *Fahrenz v. Meadow Farm Partnership* (4th Cir. 1988) 850 F.2d 207, 211, fn. 1 ["The crux of the district court's order imposing sanctions was that plaintiff's counsel continued to pursue their claims for some time after it would have been reasonable and responsible to dismiss the claims. Under these circumstances it was not an abuse of discretion for the district court to impose sanctions pursuant to Rule 11."].)

No California court appears to have adopted this unsettled aspect of federal Rule 11 jurisprudence, and we need not wade into the debate here. The record shows that, consistent with plaintiff's deposition testimony, she and her counsel Pedroza amended the complaint to substitute Ki Hwan Kim for one of the doe defendants who was allegedly responsible for plaintiff's injuries. This evidence, especially when coupled with counsel's ongoing refusals to respond to defendant's discovery requests at the time, supports a reasonable inference that counsel knew defendant was not responsible for plaintiff's injuries when he filed the amended pleading. Plaintiff's and her counsel's filing of the amended pleading while continuing to maintain the action against defendant plainly comes within the purview of our state statute. (See, e.g., *Peake, supra,* 227 Cal.App.4th at pp. 439–440

16

Both arguments are insufficient to overcome our presumption of correctness because plaintiff bases them on evidence she offered *after* the trial court entered its order dismissing the action against defendant. As noted, plaintiff opposed defendant's motion for sanctions but offered no supporting declaration or other evidence. Her opposition brief made no mention of a police report, arguing instead that her claims could not have been frivolous because defendant earlier offered a "policy limits" settlement. Further, while plaintiff (or her counsel) acknowledged she had "provided testimony that no longer allows for Plaintiff's counsel to continue representing the Plaintiff," she said nothing about refusing to allow her attorney to dismiss the action against defendant. Rather, her opposition brief observed only that "a waiver of costs still has to be approved and signed by the Plaintiff," while emphasizing that "no further discovery or demands from the defendant ha[d] occurred" since the deposition. To the extent plaintiff offered any *evidence* to support the arguments she now advances on appeal, all the purported evidence was submitted with the Pedroza declaration, which she filed *after* the trial court ruled on the sanctions motion and entered the signed order of dismissal as to defendant.[12]

---

[affirming sanctions against plaintiff and attorney where trial court found plaintiff's "claims were 'utterly lacking in legal merit' and [plaintiff's and counsel's] continued maintenance of the claims warranted sanctions under [section] 128.7"].)

[12] Plaintiff contends the trial court had these documents on June 9, 2023 when the court entered the order of dismissal. However, the reverse chronological register of actions shows

The trial court did not abuse its discretion by declining to consider evidence that plaintiff submitted after the court signed the dismissal order. As we explained with respect to defendant's motion to dismiss, a written order of dismissal, signed by the trial court, constitutes a final judgment under section 581d and divests the court of jurisdiction to reconsider its ruling once the judgment has been entered. (See *APRI, supra,* 76 Cal.App.4th at p. 181.) In *APRI*, the trial court signed an order dismissing the defendant from the action before granting the plaintiff's motion for reconsideration of the dismissal. (*APRI*, at pp. 179–181.) The *APRI* court issued a writ directing the trial court to vacate the latter order, reasoning the lower court lacked jurisdiction to grant reconsideration because its signed dismissal order constituted a final judgment under section 581d. (*APRI*, at pp. 180–181, 186.) The fact that the plaintiff had filed her motion for reconsideration before the trial court entered the dismissal order did not change this necessary conclusion: "The issue is jurisdictional. Once the trial court has entered judgment, it is without power to grant reconsideration. The fact that a motion for reconsideration may have been pending when judgment was entered does not restore this power to the trial court." (*Id.* at pp. 179–180, 182.)

The same rule applies here. Once the trial court entered the signed order dismissing defendant from the action, it had no jurisdiction to reconsider its sanctions ruling in light of Pedroza's late-filed declaration. If plaintiff and her counsel had evidence relevant to the motion for sanctions, it was incumbent upon them to file it with their opposition brief.

---

the court entered the dismissal order before plaintiff filed the Pedroza declaration later that day.

18

The record properly before us establishes plaintiff and her attorney knew they lacked evidentiary support to pursue the action against defendant at least as early as plaintiff's deposition. Indeed, the trial court could have reasonably inferred they knew the claim was objectively unreasonable earlier than that. (See fn. 11, *ante*.) In her deposition testimony, plaintiff affirmed that her injuries had not affected her memory and that she had been able to give a full account of how the incident unfolded. After plaintiff's deposition, her counsel repeatedly acknowledged plaintiff's action against defendant lacked evidentiary support. Nevertheless, despite twice receiving defendant's agreement to a waiver of costs, plaintiff did not dismiss the action. Even after defendant served his motion for sanctions, plaintiff did not withdraw her pleading, and her counsel did not move to withdraw from the case during the 21-day safe harbor period. On this record, we cannot say the trial court abused its discretion by imposing monetary sanctions equal to the attorney fees and costs defendant incurred to bring the sanctions motion. (See *Peake, supra,* 227 Cal.App.4th at pp. 439–441.)

## DISPOSITION

The order is affirmed.  Defendant Amor L. Armour is entitled to costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P. J.



ADAMS, J.